UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 2:26-mj-30318

v.                                 Magistrate Judge Kimberly G. Altman

TERRENCE PARKER,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RETURN OF PASSPORT AND ALLOW OUT OF COUNTRY TRAVEL (ECF No. 20)

### I.      Introduction

This is a criminal case.  Before the Court is defendant Terrance Parker's emergency motion for return of passport and allow out of country travel, in which he seeks to go on a prepaid family vacation to Mexico from July 9 until July 14, 2026.  For the reasons that follow, the motion is DENIED.

### II.      Background

Parker made his initial appearance on a complaint on June 2, 2026.  The complaint charged him with federal program theft or bribery, in violation of 18 U.S.C. § 666, and conspiracy, in violation of 18 U.S.C. § 371.  At that time, Parker was released on bond with conditions.  One of his bond conditions required that he

1

surrender his passport to pretrial services; another limited his travel to the Continental United States.  *See* Order Setting Conditions of Release, ECF No. 15, at 2.  Parker's preliminary examination, originally set for June 23, 2026, was moved via stipulation of the parties to September 25, 2026.  Parker filed the instant motion on June 29, 2026, after business hours.  The government filed a response on June 30, 2026, opposing the request.

### III.    Discussion

As an initial matter, the Court is troubled by two aspects of Parker's motion. First, Parker says that the vacation was scheduled prior to the indictment. Assuming that to be true, it appears that Parker did not inform the Court or pretrial at his initial appearance when bond was set, when the issue could have been addressed.  Secondly, and more significantly, Parker says that "Pretrial Services has confirmed that Defendant remains compliant and has no objection to temporary travel under the conditions proposed."  (ECF No. 20, PageID.94).  The government, however, says that "[it] has consulted with Pretrial Services regarding the defendant's request.  Pretrial Services opposes the defendant's motion."  (ECF No. 21, PageID.98).  The Court has contacted the pretrial services officer, who confirmed that the government's statement is correct.

Putting those concerns aside, as the government notes, bond conditions restricting travel are grounded in both common sense and experience.

International travel, in particular, interferes with the ability to supervise a defendant on pretrial release. Parker has only been on bond for about a month. Although he has been compliant to date, this is not a sufficient time to gauge his compliance if granted permission to travel outside the country. Moreover, although the Court understands Parker's desire to vacation with his family, this is not the sort of emergency circumstance, such as a family crisis, that might arguably support the extraordinary request for international travel.

For the reasons stated above, Parker's motion is DENIED.

SO ORDERED.


Dated: July 1, 2026          s/Kimberly G. Altman
Detroit, Michigan            KIMBERLY G. ALTMAN
                             United States Magistrate Judge

3